UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
ERNST GIORDANI,

               Plaintiff,                              MEMORANDUM AND ORDER
                                                             17-CV-5569

   - against -

THE LEGAL AID SOCIETY, TARAMANIE
SHAKUR, AIDA RAMOS-HERRERA, ANA
CECILIO, IRWIN SHAW, TINA LUONGO,
JOYCE MURPHY, KERRY-ANN STEPHEN,
LINDA POSTELL, EDWARD MCCARTHY,
CITY OF NEW YORK,

               Defendants.
----------------------------------------------------------x
GLASSER, Senior United States District Judge:

       Before the Court are separate motions by Defendant City of New York (the "City") and Defendants Legal Aid Society ("LAS"), Taramanie Shakur, Aida Ramos-Herrera, Ana Cecilio, Irwin Shaw, Tina Luongo, Joyce Murphy, Kerry-Ann Stephen, Linda Postell, and Edward McCarthy (collectively, the "LAS Defendants") to dismiss Plaintiff's claims. (ECF Nos. 9, 13). For the reasons discussed below, the motions are granted, but with leave to amend.

       According to the complaint, Plaintiff Ernst Giordani is employed by the Legal Aid Society as an arraignment clerk and paralegal. (ECF No. 1 ("Compl.") ¶ 13). He is 60 years old and started working for the Legal Aid Society in 1975, at the age of 19. (Compl. ¶ 14). Plaintiff claims that his employers have subjected him to harassment and abuse in an effort to terminate him because of his age. (Compl. ¶ 20). The pleadings appear to center on a staff meeting that was held on September 20, 2017, in which Ramos-Herrera, the Director of Administration for the Legal Aid Society, told others that Plaintiff's shift had been transferred because Shakur, another coworker, reported him as a threat to her safety. (Compl. ¶¶ 20, 41-42). Although Ramos-Herrera

1

said that Plaintiff was notified of Shakur's complaint, Plaintiff claims that he was unaware of it until it was mentioned at the meeting. (Compl. ¶ 41). Plaintiff also claims that he was not transferred because of his behavior, but rather at his own request because he did not want to work the night shift. (Compl. ¶ 42). Plaintiff alleges additional discriminatory conduct that includes the following:

- "trying to concoct a for cause reason to fire [Plaintiff] by blaming him for an incident with a violent client who spit at plaintiff";

- "concocting fabricated 'client complaints' to set the stage for a purported 'for cause' firing";

- "conducting meetings for the purpose of publicly disparaging [Plaintiff's] good name and labeling him an explosive employee who was a danger to the safety of defendant Shakur and four other undisclosed employees";

- "engaging in outrageous conduct during another meeting, where defendant Stephen stood up and called plaintiff 'brother-man' and [told] him to stop playing the victim because certain overtime shifts were forbidden to him, despite his seniority";

- "creating a hostile work environment, whereby defendants [*sic*] Joyce Murphy refused to give plaintiff an adequate workload in an effort to force him out—giving him only four cases for an entire day";

- "being extremely nasty to plaintiff or ignoring him completely or generating false reports of fabricated acts of misconduct"; and

- "stealing belongings from plaintiff's desk and/or tampering with objects and files on his desk."

(Compl. ¶ 20). The complaint states that "younger employees are treated differently than [Plaintiff] and do not endure any such harassment." (Compl. ¶ 20). It also asserts that Plaintiff has been "systematically den[ied] … overtime" and that younger employees receive preference in overtime. (Compl. ¶¶ 20, 22).

The complaint inaccurately asserts that Plaintiff, by virtue of his employment at LAS, is an employee of the City of New York. (Compl. ¶ 18). Plaintiff avers that he will be eligible to

2

retire and "receive a pension" in December 2018, and suggests that this was a factor motivating his supervisors' and coworkers' efforts to have him terminated for cause. (Compl. ¶¶ 19, 28). However, Plaintiff's references to a "pension" may be premised on his incorrect belief that he is a City employee.

Plaintiff sued the City and the LAS Defendants for (1) violations of 42 U.S.C. § 1983 and the Equal Protection Clause, U.S. Const. Amdt. XIV, (2) violations of the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. §§ 290, *et seq.*, (3) violations of the New York City Human Rights Law ("NYCHRL"), Administrative Code of the City of New York, Title 8, and (4) common law defamation. Significantly, Plaintiff did ***not*** assert a claim under the Age Discrimination and Employment Act ("ADEA"), 29 U.S.C. §§ 621, *et seq*. In response to the LAS Defendants' motion to dismiss, Plaintiff conceded that LAS is not a state actor and that he has no claim under § 1983. (ECF No. 23, at 2).

Plaintiff now requests leave to amend the complaint for two purposes: (i) to replace the § 1983 claim with an ADEA claim (ECF No. 23, at 2-3), and (ii) to provide additional facts "[t]o the extent the court feels the allegations need to be more detailed," (ECF No. 23, at 7, 10, 12). *See* Fed. R. Civ. P. 15(a)(2). The LAS Defendants oppose this request on the grounds that an amendment to the complaint would be futile. (ECF No. 26, at 2-3).

**DISCUSSION**

As Plaintiff concedes, the § 1983 claim was improperly brought and should be dismissed with prejudice. The Legal Aid Society is not an agency of the City of New York, but rather a legal service provider with whom the City contracts to represent indigent criminal defendants. (ECF No. 12-1, at 1). *See also Caroselli v. Curci*, 371 Fed. Appx. 199, 201 (2d Cir. 2010) (summary order). The primary issue is whether Plaintiff should be granted leave to amend.

Fed. R. Civ. P. 15(a)(2) provides that, after a responsive pleading is filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." The Rule mandates that leave to amend be given "freely … when justice so requires." *Id.*; *see Forman v. Davis*, 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits"). The Court may, however, deny leave to add a proposed claim where the amendment would be futile; that is, where the "proposed claim could not withstand a motion to dismiss." *Lucente v. International Business Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). Accordingly, to determine whether the proposed amendment would be futile, the Court must "accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor." *LaFaro v. New York Cardiothoracic Grp. PLLC*, 570 F.3d 471, 475 (2d Cir. 2009) (quoting *Miller v. Wolpoff & Abramsom, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003), *cert. denied*, 540 U.S. 823). However, the complaint will not "suffice if it tenders 'naked assertion[s] devoid of 'further factual enhancement.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)) (alterations in original).

Here, Plaintiff alleges that the LAS Defendants created a hostile work environment based on his age. "The analysis of the hostile working environment theory of discrimination is the same under the ADEA as it is under Title VII." *Brennan v. Metropolitan Opera Ass'n, Inc.*, 192 F.3d 310, 318 (2d Cir. 1999). A hostile work environment is one that is "permeated with discriminatory intimidation, ridicule and insult that is sufficiently pervasive to alter the conditions of the victim's employment." *Kassner v. 2nd Avenue Delicatessen Inc.*, 496 F.3d 229,

240 (2d Cir. 2007) (citations, quotations and punctuation omitted). "Minor incidents do not merit relief. … [P]laintiff must prove that the incidents were sufficiently continuous and concerted to be considered pervasive." *Id.* at 240-241 (citations and quotations omitted). The plaintiff must also demonstrate that he was subjected to the hostility because of his membership in a protected class. *See id.* at 241. Even if a plaintiff adequately pleads that he was subjected to a hostile environment, failure to plead facts from which it can be inferred that this treatment was because of his age requires dismissal of the claim. *See Satina v. New York City Human Resources Admin.*, 2014 WL 535697, at *5 (S.D.N.Y. Oct. 21, 2014); *Mabry v. Neighborhood Defender Service,* 769 F.Supp.2d 381, 396 (S.D.N.Y. 2011); *Fordham v. Islip Union Free School Dist.*, 662 F.Supp.2d 261 (E.D.N.Y. 2009).

While Plaintiff's hostile work environment claim is largely based on a series of unpleasant interactions with his colleagues, some of the incidents described in the complaint appear to be more malicious. Plaintiff states that colleagues falsified reports of bad behavior against him and stole or tampered with his supplies—allegations which the Court must accept as true at the pleading stage. However, the complaint does not provide even the slightest detail as to how many times or how frequently these events occurred. Plaintiff's allegation that the abuse was systemic "is simply too vague, because the precise frequency of such comments is of great importance in analyzing a hostile work environment claim." *Almontaser v. New York City Dept. of Education*, 2014 WL 3110019, at *8 (E.D.N.Y. Jul. 8, 2014) (internal citations omitted). As Plaintiff was employed at LAS for over forty years, the pleadings make it impossible to tell whether these incidents occurred fairly recently or whether some of them happened many years ago. In any event, with the possible exception of the September 20, 2017 meeting, Plaintiff does not provide any "factual enhancement" that would allow the court to determine the seriousness

of these incidents, and the complaint is devoid of any facts from which it could be inferred that Plaintiff was targeted because of his age rather than a "personal agenda" against him. *Doner-Hendrick v. New York Institute of Technology*, 2011 WL 2652460, at *7 (S.D.N.Y. Jul. 6, 2011). None of the comments allegedly made to Plaintiff could be construed, even remotely, as betraying an age-based animus toward him. His bare assertion that "younger employees are treated differently" and "do not endure such harassment" does not overcome this deficiency.

Plaintiff's claim that younger employees have been given preference over him for overtime might establish a separate claim under the ADEA. *See Rivers v. New York City Housing Authority*, 176 F.Supp.3d 229, 252 (E.D.N.Y. 2016) ("A deprivation of the opportunity to earn overtime can be an adverse employment action"). However, as with the hostile work environment claim, these conclusory statements, even if accepted as true, cannot support the inference that Plaintiff's age was the but-for cause of the adverse action. *See Braun v. Administrators for the Professions, Inc.*, 2018 WL 3597504, at *6 (E.D.N.Y. Jul. 26, 2018) (dismissing plaintiff's disparate treatment claim based on bare allegation that defendants "had a pattern and practice of hiring younger individuals," where the complaint did not "provide the name or age of a single employee who Defendants hired or let go besides [the plaintiff]").

In sum, an amendment that does no more than substitute an ADEA claim for the § 1983 claim without furnishing additional operative facts would still require dismissal and would therefore be futile. Nevertheless, a court should not lightly deny leave to amend where the plaintiff's lawsuit has possible merit, even where, as here, the plaintiff is not *pro se.* Therefore, Plaintiff is granted leave to amend in order to both assert an ADEA claim against the LAS Defendants and cure the factual deficiencies noted above.

Because the Court is dismissing the sole federal cause of action, it declines to exercise supplemental jurisdiction over the NYSHRL, NYCHRL and defamation claims. *See* 28 U.S.C. § 1367(c); *see also Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 n. 7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims"). However, these claims are dismissed without prejudice as to the LAS Defendants so that they may be reasserted in the amended complaint as pendent to the ADEA claim. The state law claims against the City are dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, it is ordered that:

1. Plaintiff's claims pursuant to 42 U.S.C. § 1983 are **dismissed with prejudice**;

2. Plaintiff's remaining claims against the City are **dismissed with prejudice**;

3. Plaintiff is granted leave to amend his complaint **on or before Monday, December 31, 2018**, insofar as the amended complaint will assert ADEA and pendent state law claims solely against the LAS Defendants;

4. Plaintiffs' NYSHRL, NYCHRL and defamation claims against the LAS Defendants are **dismissed without prejudice**, but if Plaintiff fails to amend his complaint on or before Monday, December 31, 2018, the dismissal of these claims shall automatically become with prejudice.

SO ORDERED.

Dated:  Brooklyn, New York
        November 27, 2018

/s
I. Leo Glasser                    U.S.D.J.